[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT1S MOTION FOR RECONSIDERATION AND FOR ARTICULATION (#118)
At hearing on October 9, 2001, the defendant, Kendall Carroll, argued that his Motion in Limine, dated October 1, 2001, should be granted. He sought to preclude the introduction into evidence of "statements attributed to him allegedly made before the Boards of Police and Fire Commissioners [because they] were made before a quasi-judicial body and therefore absolutely privileged."
To buttress his oral argument, defendant introduced copies of §§ 3353 and 3333 of the Waterbury City Charter. These sections establish and define the powers and duties of the Boards of Fire Commissioners and Police Commissioners respectively. When viewed in the light of the factors indicating a quasi-judicial body, set out in Kelley v. Bonney,221 Conn. 549, 567, these sections clearly indicate that both Boards have the authority and power to act as quasi-judicial bodies. The evidence produced by defendant at hearing, however, was insufficient to establish whether or not the Boards were so acting at the time defendant made his statements. This evidence or the lack thereof is crucial because the privilege only applies to relevant statements made during proceedings that are quasi-judicial in nature. Kelley v. Bonney, 221 Conn. 549, 566
(1992); Peityan v. Ellis, 2.00 Conn. 243, 246 (1986)
Relevant testimony and/or the minutes and/or records of the Boards could have provided the court with the facts necessary to determine whether the Boards, or either of them, were conducting a quasi-judicial proceeding or acting in a quasi-judicial capacity at the time defendant made the statements in question and, if they were, whether defendant's statements were relevant to those proceedings or activities. The fact that defendant argues that it is so, does not make it so. CT Page 5026
No such evidence having been presented at the hearing, defendant's Motion in Limine was and is denied.
 ___________________, J. THOMAS G. WEST